No. 727 August 13, 2025 591

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HUNTER ORION STARR,
*Defendant-Appellant.*

Benton County Circuit Court
22CR15781; A182756

Locke A. Williams, Judge.

Submitted July 9, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for, among other crimes, first-degree robbery and unlawful use of a weapon. He raises four unpreserved assignments of error to those convictions. We affirm.

*Failure to instruct on "knowingly" mental state*: In his first and second assignments of error, defendant contends that the trial court erred in failing to *sua sponte* instruct the jury that it had to find that defendant "knowingly" used a dangerous weapon as to both first-degree robbery (which the state charged that defendant committed the offense by using or attempting to use a dangerous weapon) and unlawful use of a weapon. For its part, the state assumes that the "knowingly" culpable mental state attaches to the dangerous weapon element of first-degree robbery and, based on that assumption, notes that the trial court did instruct the jury as to that mental state to first-degree robbery.

We agree. The trial court instructed the jury as to the definition of "knowingly or with knowledge," which it defined as a "person act[ing] with an awareness that his conduct is of a particular nature, or a particular circumstance exists." It then instructed the jury that, with respect to the first-degree robbery charge, "knowingly means that [defendant] knew * * * that State's Exhibit 24 was a dangerous weapon." Given that instruction, we cannot say that the trial court committed plain error in not instructing the jury as to that mental state.

As to the unlawful use of a weapon charge, although the court did not instruct the jury that defendant had to act knowingly as to whether the weapon that he used was a dangerous one, any error in the failure to instruct the jury as to that element is harmless. By finding defendant guilty of first-degree robbery, the jury necessarily found that defendant knew the object he used to threaten the two victims during the robbery was a dangerous weapon. The state based the unlawful use of a weapon charge on the same conduct underlying the robbery. Thus, we cannot say that the jury was likely to be confused about or misunderstand what it was required to find. *See State v. Bistrika*, 262 Or App

385, 406, 324 P3d 584, *rev den*, 356 Or 397 (2014) (We will reverse based on an instructional error only if we can "fairly say that the [instructional error] probably created an erroneous impression of the law in the minds of the jurors which affected the outcome of the case." (Internal quotation marks and brackets omitted.)).

*Concurrence instruction*: In his third and fourth assignments of error, defendant contends that the trial court plainly erred in not instructing the jury that it had to agree on which metal object defendant used to threaten the two victims, S and H. Defendant points to Exhibits 24 and 25, each of which depicts a different metal object that officers found on defendant at the time of his arrest and argues that the court erred in not instructing the jury that it had to concur on which of the weapons defendant used to commit robbery and unlawful use of a weapon.

The trial court did not plainly err in failing to provide a concurrence instruction. A concurrence instruction is required when the state presents multiple factual occurrences that could, independently, support a guilty verdict on a single charge. *See State v. Arellano-Sanchez*, 309 Or App 72, 80, 481 P3d 349, *rev den*, 368 Or 511 (2021) (jury concurrence required "when the state presents evidence of multiple factual occurrences which could each independently support a guilty verdict on a single charge" but not where the evidence shows one continuous assaultive event). Here, the state relied on a single factual theory as to both the first-degree robbery charge and the unlawful use of a weapon charge. Both S and H testified that Exhibit 24 was likely the object that defendant pulled out of his pocket; conversely, both testified that Exhibit 25 was not the item that defendant had pulled out. The trial court instructed the jury that it had to find that defendant knew that Exhibit 24 was a dangerous weapon, and that was the theory that the state pursued in closing argument. Thus, no concurrence instruction was required, and the trial court did not plainly err in not providing one.

Affirmed.